**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAUL KAPTUR ) | |
| ) | Case No. 1:17-cv-5984 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| CAPITAL ONE, N.A. ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

NOW COMES Plaintiff PAUL KAPTUR by and through his attorneys, O'Connor | O'Connor, P.C., and brings the following Complaint against Defendant CAPITAL ONE, N.A. and in support thereof states as follows:

**NATURE OF ACTION**

1. Plaintiff Paul Kaptur (hereinafter "Mr. Kaptur") brings this action to redress violations of the Americans with Disabilities Act (42 U.S.C. §2000e) arising from Plaintiff's treatment in and termination from his employment with Defendant.

2. Plaintiff seeks awards of compensatory damages, punitive damages, back pay and benefits, front pay and benefits, attorney's fees, costs, other monetary damages, other equitable and injunctive relief, and all other relief available under the aforementioned laws.

**JURISDICTION AND VENUE**

3. Counts I through IV are brought pursuant to The Americans with Disabilities Act 42 U.S.C. §12111 *et. seq.*; This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

4. Mr. Kaptur has exhausted all of his administrative remedies. He received his right to sue letter from the E.E.O.C. on May 19, 2017.

5. Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claims alleged herein occurred within the Northern District of Illinois.

## GENERAL FACTUAL ALLEGATIONS

8. Paul Kaptur worked for Capital One for about sixteen years as a relationship manager dealing with people applying for automobile loans.

9. Starting at the end of 2013 through 2015, Mr. Kaptur had 4 surgeries to fix a kidney issue.

10. As a side effect of these surgeries and the medications he had to take afterwards, his metabolism slowed, and Mr. Kaptur's weight significantly increased.

11. The weight Mr. Kaptur had gained due to these surgeries would make it difficult for him to sit in certain chairs and would sometimes create an odor.

12. Mr. Kaptur requested numerous accommodations from Capital One's HR department.

13. HR would approve the request, but Mr. Kaptur's immediate supervisors would always deny the reasonable request for accommodation.

14. For example, Mr. Kaptur would request to work in vacate office away from his other co-worker if his condition triggered a strong odor. The HR Department would tell Mr. Kaptur that that is a reasonable request but then his immediate managers would deny the accommodation request.

15. Mr. Kaptur also requested to have a work chair that did not have arm rests on the sides. He was terminated before he received the chair.

16. Mr. Kaptur also asked to work from home on occasion to help with the side effects of the surgeries. His managers also denied that request.

17. Mr. Kaptur's co-workers and managers would often make demeaning comments to Mr. Kaptur about his weight and odor.

18. One of his direct managers told Mr. Kaptur that he should "join a fat farm."

19. His other direct manager told Mr. Kaptur that he could not see "someone who looks like you" leading a team.

20. His co-workers would also regularly taunt Mr. Kaptur about his weight, but Mr. Kaptur's supervisors never stepped in to stop the behavior.

21. On one occasion, Defendant had the maintenance crew remove the carpet around Mr. Kaptur's desk during the middle of the work day.

22. The other employees snickered and made comments while Mr. Kaptur attempted to get through the work day.

23. Upon information and belief, this act was done to embarrass Mr. Kaptur.

24. Upon information and belief, Defendant could have had the maintenance crew replace the carpet during non-working hours.

25. When Mr. Kaptur raised these complaints to his managers, he was ignored. On December 22, 2015, Mr. Kaptur received a "Conduct Memo" which criticized Mr. Kaptur for "his hygiene and appearance."

26. In a conversation with an HR rep, she admitted to Mr. Kaptur that the "Conduct Memo" was all "fluff" and that the true issue management had was Mr. Kaptur's weight and the additional side effects.

27. On March 22, 2016, Mr. Kaptur was terminated.

28. Mr. Kaptur was told the termination was not performance related.

29. The true reason for Mr. Kaptur's termination was his disability (obesity), and his requests for reasonable accommodations.

30. Mr. Kaptur also experienced retaliation for attempting to engage in the interactive process with his supervisors.

## COUNT I
## DISABILITY DISCRIMINATION: FAILURE TO ACCOMODATE
## AMERICANS WITH DISABILITIES ACT

31. Paragraphs 1 through 30 are hereby restated and re-alleged as if fully set forth in this Count I.

32. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he was disabled due to his obesity which is linked to and/or caused an underlying medical condition related to his kidney.

33. These conditions substantially limited one or more major life activities for Plaintiff.

34. At all relevant times, Plaintiff was capable of performing all of the essential functions of his position with or without a reasonable accommodation.

35. Defendants were aware of Plaintiff's disability.

36. Plaintiff requested the accommodations including but not limited to: requesting to sit in a certain kind of desk chair, requesting to work in an isolated part of the office, and requesting to work from home.

37. Defendant's actions were motivated by Plaintiff's disability, Defendant's perception of Plaintiff as disabled, and Plaintiff's requests for reasonable accommodations.

38. By conduct including, but not limited to that described above, Defendants failed to accommodate Plaintiff, and discriminated against him in violation of his rights under the ADA.

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Paul Kaptur seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

## COUNT II
### DISABILITY DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### AMERICANS WITH DISABILITIES ACT

40. Paragraphs 1 through 39 are hereby restated and re-alleged as if fully set forth in this Count II.

41. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he was disabled due to his obesity which is linked to and/or caused an underlying medical condition related to his kidney.

42. These conditions substantially limited one or more major life activities for Plaintiff.

43. At all relevant times, Plaintiff was capable of performing all of the essential functions of his position with or without a reasonable accommodation.

44. Defendants were aware of Plaintiff's disability.

45. Plaintiff was subjected to severe harassment due to his disabilities during his employment with Defendant which created a hostile working environment and altered the terms and conditions of his employment.

46. The disability discrimination inflicted on Plaintiff was perceived by him to be highly offensive and pervasive.

47. The disability discrimination inflicted on Plaintiff was objectively offensive, such that a reasonable person would consider the treatment to be extremely offensive and abusive.

48. Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer great emotional distress, mental anguish, humiliation, and embarrassment; as well as having suffered losses in wages and benefits and other pecuniary losses.

**WHEREFORE**, Plaintiff Paul Kaptur seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

**COUNT III**
**DISABILITY DISCRIMINATION: RETALIATION**
**AMERICANS WITH DISABILITIES ACT**

50. Paragraphs 1 through 49 are hereby restated and re-alleged as if fully set forth in this Count III.

51. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he was disabled due to his obesity which is linked to and/or caused an underlying medical condition related to his kidney.

52. These conditions substantially limited one or more major life activities for Plaintiff.

53. At all relevant times, Plaintiff was capable of performing all of the essential functions of his position with or without a reasonable accommodation.

54. Defendants were aware of Plaintiff's disability.

55. Plaintiff requested the accommodations in the form of including but not limited to: requesting to sit in a certain kind of desk chair, requesting to work in an isolated part of the office, and requesting to work from home.

56. Defendant ultimately terminated Plaintiff due to his disability and his requests for accommodation.

57. By conduct including, but not limited to that described above, Defendant intentionally retaliated against Plaintiff because of his participation in protected activity under the ADA.

58. By conduct including, but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Paul Kaptur seeks the following relief:

a. Declaration that Defendant Illinois has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

<div align="center">

**COUNT IV**
**DISABILITY DISCRIMINATION: TERMINATION**
**AMERICANS WITH DISABILITIES ACT**

</div>

60. Paragraphs 1 through 59 are hereby restated and re-alleged as if fully set forth in this Count IV.

61. At all relevant times, Plaintiff was disabled within the meaning of the ADA because he was disabled due to his obesity which is linked to and/or caused an underlying medical condition related to his kidney.

62. These conditions substantially limited one or more major life activities for Plaintiff.

63. At all relevant times, Plaintiff was capable of performing all of the essential functions of his position with or without a reasonable accommodation.

64. Defendants were aware of Plaintiff's disability.

65. Plaintiff requested the accommodations in the form of including but not limited to: requesting to sit in a certain kind of desk chair, requesting to work in an isolated part of the office, and requesting to work from home.

66. Defendant ultimately terminated Plaintiff due to his disability and his requests for accommodation.

67. By conduct including but not limited to that described above, Plaintiff was treated differently and less favorably than similarly situated non-disabled employees during the course of his employment with Defendant. As a result, he was subject to different terms and conditions of employment and terminated due to his disability.

68. By conduct including but not limited to that described above, Defendant intentionally discriminated against Plaintiff because of his disability and/or his complaints about the terms and conditions of his employment, in violation of the ADA.

69. By conduct including but not limited to that described above, Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights under the ADA.

70. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered and continues to suffer substantial losses in wages and benefits, other past and future pecuniary losses, great emotional distress, mental anguish, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff Paul Kaptur seeks the following relief:

a. Declaration that Defendant has violated Plaintiff's rights under the ADA;

b. An award of all salary, wages, and benefits including, but not limited to: back pay, front pay, past and future pecuniary losses, and prejudgment interest;

c. An award of compensatory damages in an amount to be determined at trial;

d. An award of punitive damages in an amount to be determined at trial;

e. An award of the costs of this action and reasonable attorney's fees;

f. All other damages and relief, legal or equitable, authorized under the ADA; and

g. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully Submitted,
Paul Kaptur

By: *[signature]*

Kevin F. O'Connor

Dated: August 16, 2017

Kevin F. O'Connor (ARDC # 6300449)
Heewon O'Connor (ARDC # 6306663)
Ryan O. Estes (ARDC # 6312755)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 312
Elmhurst, IL 60126
Tel. 630-903-6397
Fax. 630-658-0336
kevin@oconnor-oconnor.com
heewon@oconnor-oconnor.com
ryan@oconnor-oconnor.com